UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-62010-CIV-HUCK/O'SULLIVAN

U.S. CAPITAL/FASHION MALL, LLC,
a Delaware Corporation,

    Plaintiff,

v.

AMERICAN ZURICH INSURANCE
COMPANY, a New York Insurance Company,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

This matter is before the Court on Defendant American Zurich Insurance Co.'s Motion to Dismiss (D.E. # 10). For the following reasons, the Motion is granted.

### Facts

This is the second of two suits brought by Plaintiff U.S. Capital/Fashion Mall, LLC arising under the same Zurich insurance policy for damage caused by Hurricane Wilma, which struck Plaintiff's Broward Fashion Mall and Executive Pavilion on October 24, 2005. In the first case, which has been ongoing for three years, Plaintiff sought declaratory relief concerning Zurich's obligation to adjust the amount of Plaintiff's property damage loss and the amount and applicability of the policy's hurricane deductible. *See Jin Zhi Star LT, LLC and U.S. Capital/Fashion Mall, LLC v. American Zurich Ins. Co.*, No. 08-CV-61191-FAM ("*U.S. Capital I*"). On March 30, 2009, Chief Judge Moreno ordered the parties to participate in a contractual appraisal process to determine the amount of Plaintiff's loss, and on September 21, 2010 the appraisal panel executed an appraisal award of $14,443,931.29. Judge Moreno also determined that the policy contained a $5 million hurricane deductible. *U.S. Capital I* is now closed, though there are a number of motions pending, including one requesting that the appraisal award be reduced to a judgment, as none of it has yet been paid to Plaintiff.

This suit, though it involves the same parties, policy, and insured event as *U.S. Capital I*, concerns additional claims not explicitly addressed in that case. In addition to

1

property damage coverage, the policy provides coverage for "business interruption and extra expense" subject to a $6.8 million limit. In this suit, Plaintiff seeks to have its business interruption and extra expense claim adjusted, and also seeks to have the hurricane deductible invalidated because the policy does not contain a specific disclosure stating that the policy contains a separate windstorm deductible, in violation of Fla. Stat. 627.701(4)(a).

Zurich moves to dismiss on the ground that the Plaintiff is attempting to improperly (1) split a single cause of action into two suits, (2) raise a claim that was or should have been raised in the earlier suit, and (3) relitigate issues already decided in the earlier suit.

## Analysis

### A. The Business Interruption and Extra Expense Claim

Adjusting a business interruption claim requires calculation of the "Period of Restoration," which, under the policy, is the reasonable time between occurrence of the damage and its repair. In an attempt to justify bringing this second suit under the same policy and for the same insured event involved in the first suit, Plaintiff argues that it could not calculate the Period of Restoration until the scope and cost of required repairs was established, a matter which was not yet resolved when *U.S. Capital I* was filed (though subsequently resolved in that action by the appraisal process). Zurich counters: "The policy provides coverage for the actual business income loss sustained, but not for hypothetical income loss. Either the Plaintiff sustained a loss of income due to Hurricane Wilma or it did not. Plaintiff was certainly in possession of this knowledge at the time it filed U.S. Capital I in July 2008." Def.'s Reply (D.E. # 18) at 3-4. Zurich has the better argument. Business interruption loss does not, as plaintiff incorrectly argues, depend on determination of the amount of property damage, but rather the period of time Plaintiff's business is interrupted as a result of having to repair the damage, *i.e.*, the Period of Restoration. Even assuming that Plaintiff could not, as it contends, liquidate the amount of business interruption loss until the initial appraisal of damage, Plaintiff could have claimed a business interruption loss in *U.S. Capital I* in an unliquidated amount. *See Seidel v. Lee*, 954 F. Supp. 810, 818 (D. Del. 1996) ("[W]here the complaint alleges that a defendant's violations caused him damages, the plaintiff need not specify the dollar

2

amount of those damages."). And Plaintiff's purported inability to liquidate that amount until appraisal is dubious, as Plaintiff surely knew how much business interruption loss it had sustained, even if it had yet to prove it to an appraisal panel. Thus, Plaintiff is barred from seeking adjustment in this action of its business interruption claim. *See Home Depot U.S.A., Inc., v. United States Fire Ins. Co.*, 299 Fed. Appx. 892, 896, 2008 WL 4810504 (11th Cir. Nov. 5, 2008) (affirming dismissal of claim in second lawsuit where the only difference between the suits was that in the first, plaintiff relied on a commercial general liability policy, while in the second, plaintiff relied on an auto policy, as "[t]he auto policy was in existence at the time of the first suit and nothing prevented [plaintiff] from asserting claims based on it in the first suit.").

**B. Validity of the Hurricane Deductible**

Zurich argues that as its counterclaim in *U.S. Capital I* "included claims for interpretation of the deductible and for reformation of the deductible in the Policy, Plaintiff would have been required to include all claims related to the deductible" in that action. Def.'s Mot. to Dismiss at 6. Plaintiff responds that *U.S. Capital I* only addressed the amount of the deductible, not its validity. Plaintiff's response does not actually address Zurich's argument. So long as a claim is "essentially [an] offshoot[] of the same basic controversy between the parties," the claim must be brought in the initial action. *Miami Herald Publ'g Co. v. Ferre*, 636 F. Supp. 970, 973 (S.D. Fla. 1985). Under these circumstances, the amount and validity of the same deductible are offshoots of the same basic controversy. Plaintiff adds that the Eleventh Circuit only recently certified to the Florida Supreme Court the question whether an insured may bring a claim against an insurer for failure to comply with the requirements of Fla. Stat. 627.701(4)(a). This additional argument is unavailing, as Plaintiff could have raised this claim in *U.S. Capital I* even though the issue had not yet been certified to the Florida Supreme Court.

<u>Conclusion</u>

Rather than improperly split causes of action between different judges, Plaintiff could have and should have sought complete relief in *U.S. Capital I* during its active pendency by asserting all of its claims arising under the Zurich insurance policy, including by way of motion to supplement its claim if necessary. Accordingly, the Motion to Dismiss is granted.

DONE and ORDERED in Chambers, Miami, Florida, January 20, 2011.

_____

Paul C. Huck
United States District Judge

Copies furnished to:
All counsel of record